## VALLEY CAMP COAL CO. v. KUCEWICZ.

(Circuit Court of Appeals, Third Circuit. March 30, 1914.)

### No. 1828.

MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—NEGLIGENCE—FAILURE TO WARN—PRECAUTIONS—QUESTIONS FOR JURY.

Where plaintiff, a slate picker at a coal tipple, was called from his regular duty in the early morning, before daylight, to assist in adjusting a belt to a large pulley wheel operated by electricity, and he was injured by the sudden, rapid starting of the wheel while engaged in such work, whether defendant was negligent in failing to warn him of the danger, and whether it had exercised reasonable care to safeguard the place, by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

taking reasonable precautions against accidental or inadvertent starting of the machinery, was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

In Error to the District Court of the United States for the Western District of Pennsylvania; James S. Young, District Judge.

Action by M. Kucewicz against the Valley Camp Coal Company. Judgment for plaintiff, and defendant brings error. Affirmed.

John McCartney Kennedy, Watson & Freeman, and Robert W. Sutton, all of Pittsburgh, Pa., for plaintiff in error.

John T. Moore, of Pittsburgh, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

GRAY, Circuit Judge. The defendant in error, an alien, brought suit in the court below to recover from plaintiff in error, a corporation and citizen of the state of Pennsylvania, damages for injuries alleged to have been occasioned by its negligence.

The facts as disclosed by the record are as follows:

On January 5, 1912, and for nearly two years prior thereto, the plaintiff was employed at the defendant's mine, his principal and regular duty being to pick slate out of the coal that had been taken from the mine. On the day above stated, while yet dark, Kinloch, superintendent of the mine, ordered plaintiff to go on the top platform of the coal tipple, 40 or 50 feet above the ground, to assist another employé in putting a belt on a wheel, which was then at rest. The wheel was some eight feet in diameter, and the belt very heavy and ten inches in width. It led from this large wheel down to a smaller wheel on the ground floor, connected with machinery for raising coal from the mine. The machinery was actuated by electricity in charge of an engineer down on the floor of the mine and some 200 feet away from the wheel on which the plaintiff was assisting to place the belt. A narrow platform, but of sufficient width for the purpose, seems to have surrounded the wheel on which, at the time of the accident, plaintiff, another man called an engineer, and Kinloch, the superintendent of the mine, were standing. Plaintiff was standing on one side of the wheel and the engineer on the other, both engaged in putting the belt on this large wheel. It appears that after the belt had been once put on, the wheel was started, on a signal shouted from this platform to some one who touched a button on the first floor, which rang a bell in the switch room where the engineer was in charge. Directly after the wheel was started, the belt again came off, the machinery was stopped, and the two men undertook again to place the belt back on the wheel. While doing so, and before the belt had been put in position, the wheel suddenly started at high speed and the plaintiff, who was holding the belt with both hands, was so caught by it that he was thrown from the wheel down onto the floor immediately beneath the platform, and sustained the injuries complained of.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It was in evidence that the plaintiff had never been employed in this work of placing or assisting to place the belt on this wheel prior to the morning in question. The hour was about twenty minutes before seven in the morning, the month of December, and as it was not yet light, Kinloch, the superintendent, had a torch in his hand to furnish the necessary light for the operation. No signal was given from the platform for the starting of the wheel this second time. The engineer testified, however, that he did receive a signal from the bell connected with the button on the first floor, although the man who usually gave that signal testified that he did not give it for the second starting. There is practically no evidence to show just how this wheel came to be started, or how, if at all, the bell was rung. The evidence shows that, where the machinery actuating such a wheel is started by steam, it may be, and generally is, when a belt is being put on, started slowly, in order to assist the placement of the belt, but that where the machinery is actuated by electricity, this slow turning of the wheel cannot be had, but it commences to revolve suddenly and at once at high speed, as was the case at the time of the accident.

Plaintiff contends that the work he was required to assist in doing, and the place where it was to be performed, were necessarily dangerous, and that as he was without experience in such work, it was the duty of his employer to warn, or to cause him to be warned, of dangers attendant upon what he was required to do. It is admitted that no such warnings were given, but it is contended by the defendant that none were required, as plaintiff had been working on and around the machinery of the mine for more than two years, and could not have been unaware of the conditions surrounding the replacing of the belt in question, and of the dangers, if any, attending the same, though he had never been actually engaged in such work.

It was upon this uncontradicted testimony that defendant made its request, at the conclusion of the evidence, that the jury should be instructed to return a verdict in favor of the defendant. This motion was refused, and the case was submitted to the jury by the learned judge of the court below, in a charge which fairly stated the contentions both of the plaintiff and the defendant. The verdict and judgment thereon being in favor of the plaintiff, the present writ of error was sued out by the defendant. The only assignment of error is founded on the exception to the refusal of the court below to grant the peremptory instructions asked for.

Having examined carefully all the evidence disclosed in the record, we think the court below was justified in not withholding this case from the jury. The evidence tended to show that the work required of the plaintiff had peculiar dangers of its own, owing to the possibility of the wheel being inadvertently or accidentally started in rapid revolution while the work was going on; that such starting, where electricity was used as the motive power, was always sudden and at high initial speed, differing in that respect from the slow and gradual movement where steam was the actuating force. Such being the case, the court below decided to submit to the jury the question, as to what were the dangers of the place in which he was required to work, and

whether they were such as imposed upon the employer a duty of instructing a man inexperienced in such work in regard to them. Moreover, in view of the danger peculiar to the situation, of an inadvertent or accidental starting of the machinery, the question arises on the evidence, whether defendant had performed the master's duty of exercising reasonable care to safeguard the place wherein his employé is required to work, by taking precautions against such accidental or inadvertent starting of the machinery, precautions not necessary under other and ordinary circumstances.

We think these questions were properly for the jury, and therefore the judgment below is affirmed.